971 So.2d 1056 (2007)
Kerri L. BROWN
v.
LOUISIANA STATE OFFICE OF FAMILY SERVICES.
No. 2006 CA 2282.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
Kerri L. Brown, Plaintiff/Appellant In Proper Person.
Gary J. Beauchamp, Assistant Atty. General, Baton Rouge, Counsel for Defendant/Appellee Louisiana State Office of Family Services.
Before: PARRO, KUHN, and DOWNING, JJ.
DOWNING, J.
This is an appeal[1] from a judgment dismissing with prejudice an employee's claim for workers' compensation benefits. *1057 The Office of Workers' Compensation (OWC) found that Kerri L. Brown: (1) did not timely report the alleged accident, (2) failed to present evidence that her wrist injury was work related, and (3) failed to prove she suffered a compensable injury. For the following reasons we affirm the judgment.
Ms. Brown is a state employee working as a Social Service Analyst II for the Louisiana Office of Family Services. She testified that she worked at this job for twelve years. She also testified that the position entailed much writing and computer entry. She alleged that sometime in March 2004, she injured her right wrist at work when she fell and struck a 2-hole punch. Nobody witnessed the accident, and Ms. Brown did not file an accident report with her employer at that time. She testified, however, that she told her coworkers about the injury. Prior to the alleged accident, Ms. Brown reported that she had been suffering pain, spasms, and cramps in her wrists for a year or two. The record reveals that Ms. Brown did not report an injury to her employer until after she had undergone surgery on her right wrist and had also found out that she would need surgery on her left wrist.
On April 6, 2004, she saw Dr. Ronald Sylvest for pain in her right wrist. Dr. Sylvest determined that Ms. Brown suffered from a ganglionic cyst on her right wrist but concluded that it did not require surgery at that time. On July 7, 2004, Ms. Brown had surgery to remove the cyst. Dr. Sylvest also performed a partial synovectomy.
Dr. Sylvest later determined that Ms. Brown needed surgery on her left wrist because the MRI showed a tear of the triangular fiber cartilage complex. This surgery was performed on September 8, 2004.
Ms. Brown filed a Disputed Claim for Compensation on October 22, 2004, alleging that she injured both wrists on February 26, 2004. Ms. Brown returned to work in November 2004. Ms. Brown's group medical insurance paid for her medical expenses.
The OWC found "Ms. Brown's explanation of why she waited so long to report an injury to be unconvincing." The OWC found, that Ms. Brown failed to prove by a preponderance of the evidence that she suffered a compensable, work-related injury to either wrist. The OWC noted that neither of Ms. Brown's doctors had indicated that her wrist problems were "work-related." The OWC also considered Ms. Brown's delay in reporting her alleged injury. Ms. Brown testified she waited five to six months after her own insurance company had approved and paid for the right wrist surgery before she reported her injury. This delay caused the OWC to question Ms. Brown's credibility. The OWC also referenced the testimony of Renee Moses, an adjuster employed by The State of Louisiana Risk Management. Ms. Moses testified that although Ms. Brown's claim was submitted as a carpal tunnel syndrome claim, her claim was denied because there was no medical diagnosis of carpel tunnel syndrome or any other compensable injury. Accordingly, we conclude that the OWC's written reasons adequately explain the basis of its determination.
After a thorough review of the record and the evidence, we conclude that the OWC decision is not manifestly erroneous. We therefore affirm the judgment in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.2(A)(5).4 All costs associated with this appeal are assessed against Kerri L. Brown.
AFFIRMED.
NOTES
[1] Appellant is not represented by counsel and did not file a traditional brief. She instead filed a letter requesting reversal of the decision that this court will consider as the appellant's brief.